# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (#369635)**                 **CIVIL ACTION**

**VERSUS**

**GROOM, MASTER SGT., ET AL.**               **NO. 17-0218-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 18, 2017.

                                               **ERIN WILDER-DOOMES**
                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (#369635)**                                    **CIVIL ACTION**

**VERSUS**

**GROOM, MASTER SGT., ET AL.**                                **NO. 17-0218-SDD-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Set Aside the Entry of Default of Defendants Tim Delaney, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections (R. Doc. 11). This Motion is not opposed.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this proceeding pursuant to 42 U.S.C. § 1983 against MSgt. Groom, MSgt. Woods, Col. McKey, Ass't Warden Tim Delaney, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections, complaining that Defendants violated his constitutional rights, commencing in June 2016, by refusing to allow him any opportunity for exercise outside of his cell while he was confined in administrative segregation.

Defendants Tim Delaney and the Louisiana Department of Public Safety and Corrections, were served with copies of the Summons and Complaint on June 19, 2017, and the State of Louisiana was served therewith on July 21, 2017. *See* R. Docs. 6 and 8. On or about August 23, 2017, upon the failure of these Defendants, after service of process, to appear or respond to Plaintiff's Complaint, Plaintiff requested (and the Clerk of Court thereafter entered) a preliminary default against them. *See* R. Docs. 9 and 10. Defendants, however, have since appeared in this proceeding through the filing of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting

a procedural defense to the allegations made in Plaintiff's Complaint. *See* R. Doc. 13. In addition, through the filing of the instant Motion to Set Aside the Entry of Default (R. Doc. 11), Defendants have requested that the default be set aside pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. In support thereof and in an attempt to show good cause for Defendants' failure to timely appear, counsel for Defendants asserts that the failure to appear was not willful and resulted from an inadvertent delay in notification of the assignment of the case to Defendants' attorney. Moreover, counsel represents that Plaintiff will not be prejudiced by the grant of the instant motion to set aside the entry of the default and that Defendants intend to present meritorious defenses to Plaintiff's claims.

Rule 55(a) provides that, upon the failure of a defendant, after service of process, to file a pleading or otherwise defend, the Clerk of Court shall enter a default against that defendant. Thereafter, pursuant to Rule 55(b), Plaintiff must apply to the Court for entry of a judgment of default. A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999). In addition, the decision to set aside a default lies within the sound discretion of the district court. *Id. See also United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir. 1985). Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play. *Id. See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 3d* § 2690 (1998).

In determining whether to set aside an entered default, the district court should consider (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Property, supra*, 763 F.2d at 183. The standard for setting aside a default is less rigorous even than that for setting aside a judgment for excusable neglect. *Id.*, 763 F.2d at 183.

Applying this standard to the instant case, the Court concludes that the entry of default should be vacated. While the question of Defendants' willfulness is not addressed in detail in the Motion to Set Aside the Entry of Default,[1] the delays attendant to Defendants' failure to timely appear will not prejudice Plaintiff in presenting his case, and Defendants have raised a defense in their pending Motion to Dismiss that may prove meritorious. Accordingly, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed through discovery and, if necessary, to trial on the merits.

## RECOMMENDATION

It is recommended that Defendants' Motion to Set Aside the Entry of Default (R. Doc. 11) be granted, vacating and setting aside the default entered herein on August 25, 2017. It is further recommended that this matter be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on October 18, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Motion only addresses the fact that counsel for Defendants did not receive notice of the assignment of the case until August 30, 2017, after the Clerk's default was entered, and does not address the delay that occurred after service upon Defendants Delaney and the Department of Corrections, which occurred more than 2 months previously.