# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY HICKSON (#369635)** | **CIVIL ACTION** |
| **VERSUS** | |
| **GROOM, MASTER SGT., ET AL.** | **NO. 17-0218-SDD-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 13, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY HICKSON (#369635)                                    CIVIL ACTION

VERSUS

GROOM, MASTER SGT., ET AL.                                 NO. 17-0218-SDD-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of Defendants Tim Delaney, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections (R. Doc. 13).   This Motion is not opposed.[1]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this proceeding pursuant to 42 U.S.C. § 1983 against MSgt. Groom, MSgt. Woods, Col. McKey, Ass't Warden Tim Delaney, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections, complaining that Defendants violated his constitutional rights, commencing in June 2016, by refusing to allow him any opportunity for exercise outside of his cell while he was confined in administrative segregation.

In the instant Motion, Defendants Tim Delaney, the State of Louisiana, and the Louisiana Department of Public Safety and Corrections seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   Initially, as to the State of Louisiana and the Louisiana Department of Corrections, Defendants are clearly correct that Plaintiff's claim is barred by the Eleventh Amendment to the United States Constitution.   Under the Eleventh

---

1        Whereas Plaintiff initially asserted that he had not been served with a copy of Defendants' Motion to Dismiss, see R. Doc. 19, he subsequently acknowledged that a copy had been forwarded to him by Defendants' counsel on October 25, 2017.   *See* R. Docs. 20 and 28-1.

Amendment, an unconsenting state is generally immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her citizens or by the citizens of other states.   *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).   Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law under 42 U.S.C. § 1983.   *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).   Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court under § 1983.   This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State.   *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985).   *See also Lova v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989).   Accordingly, these Defendants are subject to dismissal as a matter of law.

Turning to Plaintiff's claim asserted against Defendant Tim Delaney, Defendants are also correct that Plaintiff is not entitled to assert a claim for monetary damages against Defendant Delaney in his official capacity.   In this regard, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against a state official acting in an official capacity, specifically because such official is not seen to be a "person" within the meaning of § 1983.   *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).   In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.   *Id*. at 25.   Accordingly, Plaintiff's claim asserted against Defendant Delaney in his official capacity for monetary damages is subject to dismissal.   In contrast, Plaintiff's claim for monetary damages asserted against Defendant Delaney in his individual capacity remains theoretically viable because a claim against a state official in an

individual capacity, seeking to impose personal liability for actions taken under color of state law,

is not treated as a suit against the state.    *Id*. at 29.[2]

Accordingly, based upon the foregoing, it is appropriate that the Motion to Dismiss of

Defendants Tim Delaney, the State of Louisiana and the Louisiana Department of Public Safety

and Corrections (R. Doc. 13) be granted, dismissing Plaintiff's claims asserted against the State of

Louisiana and the Louisiana Department of Corrections and dismissing Plaintiff's claims asserted

against Defendant Tim Delaney in Defendant's Delaney's official capacity, reserving to Plaintiff

his claim asserted against Defendant Delaney in Defendant's individual capacity.

RECOMMENDATION

It is recommended that the Motion to Dismiss of Defendants Tim Delaney, the State of

Louisiana and the Louisiana Department of Public Safety and Corrections (R. Doc. 13) be granted,

dismissing Plaintiff's claims asserted against the State of Louisiana and the Louisiana Department

of Corrections and dismissing Plaintiff's claims asserted against Defendant Tim Delaney in the

---

2    Plaintiff includes a prayer for declaratory and injunctive relief in his Complaint, and the law is clear that a claim for declaratory and injunctive relief asserted against a state employee in an official capacity is not barred by the Eleventh Amendment because such a claim is not seen to be a claim asserted against the state.  *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 Am. Jur. 2d Civil Rights § 101.  Notwithstanding, the Court finds that Plaintiff's claim for such relief asserted against Defendant Delaney should be rejected as moot. Specifically, in order to have standing to sue for declaratory or injunctive relief, a party must (1) have suffered an injury in fact, (2) establish a causal connection between the injury and a defendant's conduct, (3) show that it is likely, not merely speculative, that a favorable decision will redress the injury, and (4) "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."  *Funeral Consumers Alliance, Inc. v. Service Corporation International*, 695 F.3d 330, 342 (5th Cir.2012), *citing James v. City of Dallas, Texas*, 354 F.3d 551 (5th Cir.2001).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).  *See also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).   In the instant case, Plaintiff complains of the denial of an opportunity for exercise during a two-month period between June 23 and August 25, 2016, *see* R .Doc. 1-1 at p. 8, and there is no showing of a likelihood that the alleged wrongful conduct is continuing. Accordingly, Plaintiff does not have standing to assert a claim for declaratory and injunctive relief against Defendant Delaney.

Defendant's official capacity, reserving to Plaintiff his claim asserted against Defendant Delaney

in Defendant's individual capacity.   It is further recommended that this matter be referred back to

the Magistrate Judge for further proceedings.

      Signed in Baton Rouge, Louisiana, on August 13, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**