# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (# 369635)**            **CIVIL ACTION**

**VERSUS**            **NO. 17-0218-SDD-EWD**

**GROOM, MASTER SGT., ET AL.**

## RULING

This matter comes before the Court on Plaintiff's Motion for Default Judgment ("Motion").[1] The Motion is unopposed. Plaintiff asserts that Defendants[2] have been continuously unresponsive; specifically, Plaintiff complains that Defendants have been unresponsive to Plaintiff's interrogatories and requests for production of documents. Plaintiff cites this Court's June 7, 2017 Order[3] in support of his Motion. In the June 7, 2017 Order, this Court ordered Defendants to provide to Plaintiff all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports, and all other documents pertinent to the issues in this case.[4] Plaintiff thereafter filed a Motion for Judgment of Contempt,[5] which this Court construed as a Motion to Compel Discovery, which was granted in part on October 18, 2017, and Defendants were ordered to comply with the June 7, 2017 Order by providing initial disclosures to Plaintiff within fourteen days.[6]

Federal Rule of Civil Procedure 37(b)(2) permits the court to *inter alia* enter a default judgment against a party for violation of discovery orders. Before granting a default judgment, however, the district court must consider four factors: (1) whether the violation was willful or in

---

[1] R. Doc. 43.
[2] Though the Motion references Tim Delaney, the State of Louisiana, and the Department of Public Safety and Corrections, Tim Delaney is the only named defendant remaining in this suit, as the State of Louisiana and the Louisiana Department of Public Safety and Corrections have been dismissed from the suit. R. Doc. 58.
[3] R. Doc. 4.
[4] R. Doc. 4.
[5] R. Doc. 12.
[6] R. Doc. 16.

bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would affect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.[7] A default judgment is a "draconian" sanction that should be imposed only as a last resort.[8]

A review of the record reveals that the sole remaining Defendant, Tim Delaney, has, at this time, filed responses to Plaintiff's discovery requests and has complied with the initial disclosures required by this Court. Any delay on the part of Delaney responding does not appear to be willful or in bad faith. Moreover, Plaintiff has not been prejudiced in his trial preparation, as he now has the information, which he sought, well in advance of trial. At this juncture, sanctions also appear inappropriate. Further, it is unlikely that any delay is attributable to Delaney; rather, the record indicates counsel was substituted on numerous occasions, likely giving rise to the delay in responding. Thus, having considered the above factors, the Court finds that a judgment by default is not warranted in this case. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment[9] be and is hereby **DENIED**.

Baton Rouge, Louisiana the 11th day of March, 2019.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] *U.S. For Use of M–CO Const., Inc. v. Shipco General, Inc.,* 814 F.2d 1011, 1013 (5th Cir.1987) (*citing Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985)).
[8] *Id*. (citation omitted).
[9] R. Doc. 43.