UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY HICKSON (# 369635) | CIVIL ACTION |
| VERSUS | NO. 17-0218-SDD-EWD |
| GROOM, MASTER SGT., ET AL. | |

**ORDER**

Before the Court is a Motion for Rehearing/Reconsideration of His Motion to Extend Time for Discovery and Amend the Pleadings, filed by Plaintiff, Henry Hickson ("Plaintiff"), which this Court construes as a Motion to Compel ("Motion").[1] Plaintiff concedes in the Motion that he does not wish to propound additional discovery at this time. Instead, Plaintiff requests more complete responses to previously propounded discovery.[2] The discovery responses provided by Defendant, Tim Delaney ("Defendant"), are not complete. Plaintiff's Complaint indicates he was in administrative segregation from June 23, 2016 through August 25, 2016.[3] Plaintiff's discovery requests the "unit Logbook for Camp C Tiger ½ unit beginning from June 16, 2016 until August 23, 2016" and the names of supervisors who "made rounds" in this same unit on these dates.[4]

Though Defendant has responded to Plaintiff's discovery requests, Defendant has, whether through inadvertence or otherwise, only provided the Camp – C Daily Post Roster for June 23, 2016.[5] The information Plaintiff seeks -- the unit logbook and list of supervisors who "made rounds" for the dates Plaintiff was in administrative segregation -- is relevant to allegations in

---

[1] R. Doc. 57. Plaintiff filed "Objections" to the discovery responses provided, (R. Docs. 53 & 54) and though this is not the proper procedural mechanism to compel evidence, since *pro se* pleadings are to be liberally construed and considering all documents filed in this matter, this Court considers the Motion before it to be a Motion to Compel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'").
[2] R. Doc. 57, p. 4. Plaintiff specifically complains of Defendant's non-compliance with prior discovery requests.
[3] R. Doc. 1-1, p. 8.
[4] R. Doc. 24, p. 1.
[5] R. Doc. 46-1.

Plaintiff's Complaint, and Defendant has yet to fully respond.[6] Accordingly, the Court finds it appropriate to grant Plaintiff's Motion to the extent is seeks this information.

**IT IS ORDERED** that Plaintiff's Motion for Rehearing/Reconsideration of His Motion to Extend Time for Discovery and Amend the Pleadings[7] is hereby **GRANTED**. Defendant, Tim Delaney, is ordered to supplement his discovery responses with the unit logbooks and list of supervisors who "made rounds" for the dates June 16, 2016 until August 23, 2016 by no later than **April 17, 2019**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to amend his Complaint, Plaintiff shall file his Motion for Leave to Amend along with the proposed Amended Complaint by no later than **May 17, 2019**.

**IT IS FURTHER ORDERED** that the deadline for all cross-motions for summary judgment is extended, and all cross-motions for summary judgment shall be filed by no later than **June 17, 2019**.

Signed in Baton Rouge, Louisiana, on March 25, 2019.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Defendant's objection to the discovery request as "overbroad, unduly burdensome and [as] seek[ing] information that is neither relevant nor likely to lead to the discovery of relevant information" (R. Doc. 46, p. 2.) is overruled.
[7] R. Doc. 57.