# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (#369635)**                          **CIVIL ACTION NO.**

**VERSUS**                                                          **17-218-SDD-EWD**

**M. GROOM, ET AL.**

## NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in Baton Rouge, Louisiana, on January 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HENRY HICKSON (#369635)**                    CIVIL ACTION NO.

**VERSUS**                                                    17-218-SDD-EWD

**M. GROOM, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment ("Motion"),[1] filed on behalf of Defendant, Tim Delaney ("Delaney"). The Motion is opposed.[2] For the following reasons, it is recommended the Motion[3] be granted. *Sua sponte* dismissal of Plaintiff's claims against the recently added defendants[4] is also recommended.

### I.    Background

Henry Hickson ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, originally filed this action against Tim Delaney, Unknown Groom, Unknown Woods, Unknown McKey, the Louisiana Department of Corrections ("DOC") and the State of Louisiana under 42 U.S.C. § 1983, alleging his right to be free from cruel and unusual punishment was violated due to conditions of his confinement, as well as deliberate indifference to his medical needs. This Court previously dismissed Plaintiff's claims against the State of Louisiana and DOC, as well as Plaintiff's claims against Delaney in his official capacity.[5]

---

[1] R. Doc. 89.
[2] R. Doc. 97.
[3] R. Doc. 89.
[4] R. Doc. 103.
[5] R. Doc. 58.

Plaintiff was recently granted leave to amend his Complaint.[6]  The amendment corrected the names of defendants Unknown Groom, Unknown Woods, and Unknown McKey, to Melvin Groom, Anthony Woods, and Jeremy McKey, respectively, and also added the following individuals as defendants: Dwan Davis, Roderick Coates, Charlie Dixon, Dewayne Holmes, Demarcus Bell, Frank Hill, Coty Bass, Kenyatta Sims, Jeffrey Franklin, William Sterling, Justin Bohannon, Casey Winnfield, Jonathan Patin, Scott Duncan, Edward Russ, Martin Allen, Greg Templeton, Chad Butler, Phillip Maples, Kevin Wilson, Lucian Chaffin, Leonard Williams, Juan Conrad, John Hughes, Kenneth Gintz, John Coleman, Wilfred Cazelot, David Voorhies, Jr., Cleveland Cannon, Jarvis Callihan, Tyrone Kelly, Zerlin Jones, and Thomas Ashley.[7]

As to the remaining claims in this case against Tim Delaney in his official capacity, as well as the claims against these recently added Defendants, Plaintiff alleges that he was transferred to administrative segregation because he was found guilty by the Disciplinary Board of fighting[8] on or about June 16, 2016.[9]  Plaintiff was held in administrative segregation for approximately 70 days, or until approximately August 25, 2016.[10]  It is undisputed that, during the time he was held in administrative segregation, Plaintiff was not provided an opportunity for outdoor recreation or outdoor exercise.  As a result of being refused outdoor exercise, Plaintiff alleges he suffered from "pain and stiffness throughout his body, chest pain," exacerbated blood-pressure issues,

---

[6] R. Doc. 102.

[7] *See* R. Doc. 103.

[8] R. Doc. 89-9.  Plaintiff was also sentenced to two-weeks loss of canteen privileges.  (R. Doc. 89-9, p. 5).  Plaintiff takes issue with Delaney's statement of undisputed facts because, according to Plaintiff, he pled guilty to fighting but the defiance charge was dropped.  While the disciplinary report from this incident shows that Plaintiff is correct (R. Doc. 89-9, p. 3), as discussed below, this detail does not create a genuine issue of material fact.

[9] Though Delaney and Plaintiff state Plaintiff was placed in administrative segregation on June 23, 2016, the record indicates Plaintiff was placed in administrative segregation on June 16, 2016.  (*See* R. Docs. 1, p. 4; 89-1, p. 9; & 89-11, p. 3).  Plaintiff also argued in opposition he was transferred to administrative segregation on June 14, 2016 based on his reading of the disciplinary report, but even if June 14, 2016 was the operative date of transfer, that difference would not affect the recommendation in this case.

[10] R. Doc. 1-1, p. 8.  Delaney states that Plaintiff spent approximately 64 days in administrative segregation, but this discrepancy is explained by the fact that Delaney used June 23, 2016 as the first date of Plaintiff's confinement in administrative segregation, rather than June 16, 2016, the date used by this Court and reflected in the record.

constipation, and mental anguish.[11]  In Plaintiff's Amended Complaint, he also alleges that being deprived of outdoor recreation caused or contributed to a Vitamin D deficiency.[12]  Plaintiff seeks compensatory and injunctive relief.

## II.    Law and Analysis

### A.  Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[13]  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[14]  If the moving party carries this burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[15]  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[16]  In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[17]

---

[11] R. Doc. 1-1, p. 9.
[12] R. Doc. 103, p. 7.
[13] Rule 56, Federal Rules of Civil Procedure.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[14] *Celotex Corp.*, 477 U.S. at 323.
[15] *Anderson*, 477 U.S. at 248.
[16] *Celotex*, 477 U.S. at 323.
[17] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## B.  Prison Policies and Procedures

Plaintiff complaints that LSP officials failed to follow prison policy and procedure by failing to allow him "a minimum of one hour per day outside," while he was housed in administrative segregation.[18]  The failure of prison officials to follow prison rules or regulations does not amount to a constitutional violation, if minimum constitutional standards are nevertheless met.[19]  Accordingly, regardless of whether there was a prison policy in place mandating one hour of outdoor exercise o whether defendants failed to follow that policy, the only relevant inquiry is whether the actions of prison officials in denying Plaintiff outdoor recreation and out-of-cell exercise for approximately two-and-a-half months violated Plaintiff's constitutional rights.

## C.  Conditions of Confinement

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain.[20]  The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing, and medical care.[21]  To maintain his claim of an Eighth Amendment violation, Plaintiff must meet two requirements.  First, Plaintiff must show that his confinement resulted in a deprivation that was "objectively, sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm."[22]  The Eighth Amendment does not mandate comfortable prisons; however, it does not permit inhumane ones.[23]  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent

---

[18] R. Doc. 1-1, p. 8.
[19] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).
[20] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[21] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).
[22] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation and citation omitted).
[23] *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

4

that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."[24]  Nonetheless, conditions may not be "grossly disproportionate to the severity of the crime warranting imprisonment."[25]  The Supreme Court has defined a "sufficiently serious" deprivation under the Eighth Amendment as the denial of "the minimal civilized measure of life's necessities."[26]  Accordingly, to demonstrate unconstitutional conditions of confinement, the plaintiff must first show that he has been denied some basic human need.[27]

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety.[28]  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[29]  Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[30]  Subjective recklessness as used in the criminal law is the appropriate test for deliberate indifference.[31]

### 1. Constitutional Standards for Exercise Were Met

Though a reasonable opportunity for some form of exercise is a constitutional right that may not be arbitrarily revoked, there is no absolute right to *out-of-cell* exercise.[32]  As explained in *Clifford v. Stalder*:

---

[24] *Rhodes*, 452 U.S. at 347.
[25] *Id.*
[26] *Farmer*, 511 U.S. at 834.
[27] *See Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994).
[28] *Farme*r, 511 U.S. at 834.
[29] *Id.* at 837.
[30] *Southard v. Texas Bd. Of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997).
[31] *Farmer*, 511 U.S. at 838-40.
[32] *See Green v. Ferrell*, 801 F.2d 765 (5th Cir. 1986); *Clifford v. Stalder*, Civil Action No. 07-43, 2007 WL 2229566 at *3 (W.D. La. June 4, 2007).

> Importantly, neither the Supreme Court nor the Fifth Circuit Court of Appeals has ever specifically held that inmates enjoy an absolute right of out-of-cell recreation or exercise. *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir.1986) (The Fifth Circuit set aside lower court's judgment requiring county jail to provide either outdoor exercise or an indoor exercise facility.); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (The deprivation of exercise is not per se violative of the Eighth Amendment.) The Fifth Circuit has always and only held that an extended deprivation of exercise opportunities might impinge upon an inmate's Eighth Amendment rights depending upon the particular facts of a given case. *Green*, 801 F.2d at 771-72. Here, plaintiff has not alleged the total deprivation of exercise opportunities-but rather only the denial of out-of-cell exercise opportunities, and that is insufficient to establish an Eighth Amendment violation. Confinement in Extended Lockdown offers unimpeded access to space in the assigned cell to exercise.[33]

Whether a certain restriction or denial of a privilege is unconstitutional also depends on the circumstances surrounding the denial. Denial of a privilege, such as out-of-cell exercise, for disciplinary reasons serves a valid penological interest, and is generally constitutional. More specifically, courts have found that placement in administrative lockdown and restrictions on "yard time" that serve a valid penological interest, namely security concerns, do not violate the constitution.[34]

In determining whether constitutional requirements for some exercise have been met, the size of the inmate's cell, the amount of time the inmate spends locked in his cell each day, and the overall duration of confinement are factors to be considered.[35] In *Green*, the Fifth Circuit reversed

---

[33] *Clifford v. Stalder*, No. 07-43, 2007 WL 2229566, at *3 (W.D. La. June 4, 2007). *See also Peterson v. Peshoff*, 216 F.3d 1079 (5th Cir. 2000) (inmate plaintiff's "contention that he was deprived of outdoor exercise for approximately 47 days is frivolous") and *Wilkerson v. Maggio*, 703 F.2d 909, 912 (5th Cir. 1983) (seven-year confinement in maximum security without outdoor exercise but with one hour of daily out-of-cell activity and an opportunity to exercise within inmate's cell afforded a meaningful opportunity for exercise and did not amount to a constitutional violation under the Eighth Amendment).

[34] *Clifford*, 2007 WL 2229566 at *3 (W.D. La. June 4, 2007). *See also Reed v. Poret*, No. 13-725, 2016 WL 907042, at *6 (M.D. La. Feb. 19, 2016) (complaint of lack of out-of-cell-exercise while housed in administrative segregation for 47 days failed to state cognizable § 1983 claim).

[35] *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982) *amended in part and vacated in part on other grounds*, *Ruiz v. Estelle*, 688 F.2d 266 (5th Cir. 1982).

a judgment requiring out-of-cell exercise. In doing so, the court considered the following facts: (1) each prisoner had a 63 square foot cell to himself and five hours per day in the day room; (2) the average prisoner spent ten to 75 days in the prison; and (3) no medical deficiencies were caused as a result of the lack of exercise or sensory deprivation.[36]

In *Jackson v. Cain*, this Court dismissed an action where an inmate alleged he had been subjected to cruel and unusual punishment because he was denied out-of-cell exercise for approximately three and a half months.[37]  Because there is no absolute right to exercise, the plaintiff had not alleged an inability to perform exercises within his cell and the plaintiff had not alleged that he sustained any injury or actual harm as a result of the alleged deprivation, this Court found that the plaintiff had failed to state an Eighth Amendment claim.[38]

Similarly, in *White v. Simpson*, another court in this Circuit found that a plaintiff had failed to state a claim for inadequate exercise opportunities in violation of the Eighth Amendment when he alleged that he was denied recreation and exercise opportunities for six weeks, but he was permitted to exercise in his cell.[39]  That plaintiff's claim also failed because he did not suffer any physical injury due to the lack of recreation or exercise.[40]

First, Plaintiff admits he was placed in administrative segregation for fighting[41] and was denied outdoor recreation because prison officials deemed him a "security risk."[42]  Although Plaintiff attempts to create an issue of fact by arguing that that he was not, in fact, a security risk, the shower logs submitted by Delaney in support of this Motion show that Plaintiff was noted as

---

[36] *Green*, 801 F.2d at 771-72.
[37] Civil Action No. 07-693, 2009 WL 565718 (M.D. La. March 4, 2009).
[38] *Id.*
[39] Civil Action No. 04-728, 2005 WL 425264 (N.D. Tex. Feb. 22, 2005).
[40] *Id.*
[41] R. Doc. 97, p. 3.  Although it appears Plaintiff is correct that he was placed in administrative segregation for fighting but the defiance charge was dropped (*see*, R. Doc. 89-9, p. 3), for purposes of this analysis, the relevant fact is that Plaintiff was placed in administrative segregation for a disciplinary reason, which is undisputed.
[42] R. Doc. 97, p. 5.

a "security risk" during at least some of his time in administrative segregation.[43]  Plaintiff's conclusory allegation that he was not actually a security risk is not sufficient to defeat summary judgment.  Further, the record establishes that Plaintiff had sufficient room in his cell to exercise and Plaintiff has failed to even allege that he was unable to exercise in his cell.[44]  Finally, as in *Jackson*[45] and *White*,[46] Plaintiff has failed to present proper summary judgment evidence that he suffered any physical injury as a result of lack of outdoor recreation or exercise.  Though Plaintiff argues a Vitamin D deficiency resulted from his time in administrative segregation,[47] he was not diagnosed with a Vitamin D deficiency until March 29, 2017[48]--seven months after he was released from administrative segregation.  Plaintiff has offered no evidence to establish that this Vitamin D deficiency resulted from lack of outdoor recreation or exercise.[49]  Even if this Court assumes that Plaintiff's confinement in administrative segregation cause a Vitamin D deficiency, his claim still fails because there is no evidence that a Vitamin D deficiency posed a *substantial risk of serious harm*,[50] or that having a Vitamin D deficiency caused Plaintiff any harm at all.

Accordingly, Delaney has carried his burden in showing that there is no genuine issue of material fact with respect to whether Plaintiff's constitutional rights were violated as a result of

---

[43] *See* R. Doc. 89-11, pp. 40-63 (showing Plaintiff's name and the notation "security risk" from July 23, 2016 through August 15, 2016).  Security considerations are uniquely within the professional expertise of corrections officials and are generally entitled to deference absence substantial evidence to indicate officials exaggerated their response to these considerations.  *See, Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979) (citations omitted).

[44] Plaintiff's allegations indicate the cell was spacious enough for exercise, as Plaintiff alleges that he had room to lay on the floor of the cell.  R. Doc. 1-1, p. 7.

[45] *Jackson v. Cain*, Civil Action No. 07-693, 2009 WL 565718 (M.D. La. March 4, 2009).

[46] *White v. Simpson*, Civil Action No. 04-728, 2005 WL 425264 (N.D. Tex. Feb. 22, 2005).

[47] R. Doc. 103, p. 7.

[48] R. Doc. 89-12, p. 38.

[49] *See Magee v. Crowe*, 2010 WL 1751575, at *11 (E.D. La. April 1, 2010) *citing Jefferson v. City of Hazelhurst*, 936 F.Supp. 382, 386 (S.D. Miss. 1995) ("To state a claim under § 1983, plaintiff must plead 'a direct causal connection…without intervening factors,' between the deprivation and some injury to plaintiff'").

[50] In *Hernandez v. Valsquez*, 522 F.3d 556, 561 (5th Cir. 2008), the Fifth Circuit concluded that even assuming a plaintiff had suffered muscle atrophy and other ailments as a result of the conditions in which he was confined, he had failed to show that any of those conditions posed a substantial risk of serious harm.

the failure to provide Plaintiff with recreational opportunities outside his cell while Plaintiff was in administrative segregation.

### 2.   Plaintiff Has Not Established A General Conditions of Confinement Claim

To the extent Plaintiff also complains about the general conditions of confinement in Camp C, his claim also fails.  Plaintiff complains generally, in a conclusory fashion, that the cells in administrative segregation are small and hot;[51] and that he did not have entertainment such as books, magazines, radios, newspapers, or televisions.[52]  As stated above, for prison conditions to be considered cruel and unusual punishment, the plaintiff must identify a particular, basic human need of which he has been deprived.  Plaintiff has not identified any particular human need of which he is being deprived due to being housed in a cell that is small and hot without materials for entertainment.  Further, conclusory assertions that a cell is small and/or hot are insufficient to defeat summary judgment.  Accordingly, Plaintiff's claims in this regard fail as a matter of law.[53]

---

[51] R. Doc. 1, p. 7.

[52] R. Doc. 1, p. 7.  To the extent Plaintiff is attempting to make a claim under the First Amendment, that claim fails. In *Beard v. Banks*, 548 U.S. 521 (2006), the United States Supreme Court reiterated its prior holdings recognizing "that imprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment… But at the same time the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere…courts owe substantial deference to the professional judgment of prison administrators…restrictive prison regulations are permissible if they are reasonably related to legitimate penological interests." *Id.* at 528 (quotation and citations omitted).  Four factors must be evaluated in determining the constitutionality of a prison practice that deprives or restricts a prisoner's First Amendment right of access to newspapers: (1) is there a valid rational connection between the prison regulation and the legitimate governmental interest put forth to justify it; (2) are there alternative means of exercising the right that remain open to prison inmates; (3) what impact will accommodation of the asserted constitutional right have on guards and other inmates and on the allocation of prison resources; and (4) are ready alternatives for furthering the governmental interest available? *Id.* at 529. The Supreme Court has recognized that the first factor is of particular importance, while the others may add little, one way or another, to the first factor's basic rationale. *Id.* at 532.  If the restriction to newspapers and other non-religious materials is reasonably related to legitimate penological interests, an inmate's First Amendment rights are not violated. *Turner v. Safley*, 482 U.S. 78, 89 (1987).  In this case, Plaintiff has not alleged the lack of a legitimate penological interest. Accordingly, Plaintiff has not stated a First Amendment claim.  *See, e.g., Harris v. Calcasieu Parish Detention Center*, 2011 WL 5276556 at *7 (W.D. La. Oct. 6, 2011) (wherein a plaintiff's claim regarding lack of access to newspapers and other such items violated his First Amendment rights was dismissed as frivolous because the plaintiff had not alleged that any limitation placed on him was not reasonably related to legitimate penological interests).

[53] Though some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will only occur when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. *Robinson v. Lavalais*, Civil Action No. 08-395, 2008 WL

### D. Impairment of Health

To the extent Plaintiff complains that the denial of out-of-cell recreation constituted deliberate indifference to his medical needs, that claim also fails.[54] To make a showing of deliberate indifference to medical needs, Plaintiff must make the two-prong showing required by *Farmer*.[55] "In the specific context of a health impairment claim, the facts of a case must 'clearly evince' the prisoner's serious medical need and the prison officials' deliberate indifference to it."[56] Further, the requirement that the deliberate indifference on the part of a defendant results in *substantial* harm remains.[57] Plaintiff's allegations are unsupported by the evidence adduced in support of summary judgment.

As noted above, based upon the record before the Court, Plaintiff did not exhibit any serious medical needs while in administrative segregation. Other than mere conclusory assertions, as stated above, Plaintiff has failed to put forth any evidence indicating he sustained any injuries as a result of being denied out-of-cell exercise during his time in administrative segregation. To the contrary, the evidence shows that Plaintiff had frequent complaints of constipation[58] and suffered from high blood pressure[59] prior to the transfer. Nor has Plaintiff shown that these

---

4297057 at *2 (M.D. La. Sept. 16, 2008). As Plaintiff has not identified a specific need of which he has been deprived as a result of the above alleged deprivations, he cannot establish a conditions of confinement violation in combination.

[54] Plaintiff asserts, in a conclusory fashion, "to be able to be let out of the cell is imperative to one's mental as well as physical health." Plaintiff also alleges that the denial of out-of-cell exercise caused "pain and stiffness throughout [Plaintiff's] body, chest pain, [Plaintiff's] blood pressure issues were exacerbated, [Plaintiff] experienced constipation and mental anguish as well." R. Doc. 1-1, p. 9. Plaintiff's Amended Complaint also alleges that the lack of outdoor recreation caused a Vitamin D deficiency. *See* R. Doc. 103, p. 7.

[55] *See Hernandez*, 522 F.3d at 561.

[56] *Hernandez*, 522 F.3d at 561 (*citing Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) ("The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants").

[57] *Id.*

[58] R. Doc. 89-12, p. 110 (complaint of constipation on January 6, 2016); R. Doc. 89-12, p. 109 (Plaintiff requested to see doctor "about frequent constipation").

[59] R. Doc. 89-4, p. 2.

ailments constituted or resulted in substantial harm, including the later diagnosed Vitamin D deficiency.

Moreover, while in administrative segregation, when Plaintiff complained or requested medical attention, he was given such attention.  For example, on July 29, 2016, while housed in administrative segregation, Plaintiff complained of pain and numbness in his right leg.[60]  Plaintiff was examined and noted as ambulatory with no visible swelling or spasms.[61]  Additionally, on August 3, 2016, also while housed in administrative segregation, Plaintiff completed a health care request for complaining of "pain and stiffness in neck, back, shoulders, hips and knees. No out of cell exercise in 50 days."[62]  Plaintiff was examined, and it was noted that he had no swelling, redness, or deformities; he had no pain on palpation and a full range of motion.[63]  Absolutely no evidence has been presented to support the assertion that Plaintiff's health was impaired as a result of his time in administrative segregation.  Accordingly, Plaintiff's claims for impairment of health must also be dismissed.

### E.  *Sua* Sponte Dismissal of Recently Added Defendants

For these same reasons, the summary judgment record establishes that Plaintiff cannot, as a matter of law, prevail on his claims against the recently added defendants.[64]  The Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after

---

[60] R. Doc. 89-12, p. 95.

[61] R. Doc. 89-12, p. 95.

[62] R. Doc. 89-12, p. 94.

[63] R. Doc. 89-12, p. 94.

[64] In Plaintiff's amendment, he corrected the names of Unknown Groom, Unknown Woods, and Unknown McKey to Melvin Groom, Anthony Woods, and Jeremy McKey, respectively.  Plaintiff's amended Complaint also added the following individuals as Defendants: Dwan Davis, Roderick Coates, Charlie Dixon, Dewayne Holmes, Demarcus Bell, Frank Hill, Coty Bass, Kenyatta Sims, Jeffrey Franklin, William Sterling, Justin Bohannon, Casey Winnfield, Jonathan Patin, Scott Duncan, Edward Russ, Martin Allen, Greg Templeton, Chad Butler, Phillip Maples, Kevin Wilson, Lucian Chaffin, Leonard Williams, Juan Conrad, John Hughes, Kenneth Gintz, John Coleman, Wilfred Cazelot, David Voorhies, Jr., Cleveland Cannon, Jarvis Callihan, Tyrone Kelly, Zerlin Jones, and Thomas Ashley. (*See* R. Doc. 103).

giving the plaintiff notice and a reasonable time to respond.  The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement.[65]

As noted above, Plaintiff has failed to put forth evidence sufficient to defeat summary judgment as to his claim against Delaney.  The remaining defendants are named because they made some type of contact with Plaintiff while he was housed in administrative segregation.  Plaintiff alleges that after being housed in administrative segregation for three days he "began asking every officer assigned to Tiger 1-Left about his required time out of cell exercise."[66]  Since Plaintiff's claims against these defendants is based on the same facts and evidence that warrants dismissal of Plaintiff's claims against Delaney, the claims against these defendants should also be dismissed.

### F.  Potential State Law Claims

To the extent that Plaintiff also alleges state law claims, a district court may decline to exercise supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  As the Report recommends dismissal of all federal claims and plaintiff's potential state law claims would require a separate legal analysis, it is recommended that the Court decline to exercise supplemental jurisdiction.

---

[65] *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008).
[66] R. Doc. 1-1, p. 5.

## <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that Tim Delaney's Motion for Summary Judgment[67] be **GRANTED** and that all Plaintiff's claims against Tim Delaney be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all claims against the newly added Defendants[68] be **DISMISSED WITH PREJUDICE** *sua sponte*.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on January 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[67] R. Doc. 89.
[68] Melvin Groom, Anthony Woods, Jeremy McKey, Dwan Davis, Roderick Coates, Charlie Dixon, Dewayne Holmes, Demarcus Bell, Frank Hill, Coty Bass, Kenyatta Sims, Jeffrey Franklin, William Sterling, Justin Bohannon, Casey Winnfield, Jonathan Patin, Scott Duncan, Edward Russ, Martin Allen, Greg Templeton, Chad Butler, Phillip Maples, Kevin Wilson, Lucian Chaffin, Leonard Williams, Juan Conrad, John Hughes, Kenneth Gintz, John Coleman, Wilfred Cazelot, David Voorhies, Jr., Cleveland Cannon, Jarvis Callihan, Tyrone Kelly, Zerlin Jones, and Thomas Ashley.